**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

v.

HERMAN LEROY FRISTOE,

          Defendant - Appellant.

No. 07-5185

(N.D. Oklahoma)

(D.C. No. CR-07-00075-CVE)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Herman Leroy Fristoe was found guilty following a jury trial of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(ii). He was sentenced to 120 months' imprisonment. He

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed a motion to suppress evidence seized from the car in which he was a passenger. Fristoe appeals the denial of that motion to suppress. We affirm.

## BACKGROUND

On April 15, 2007, Trooper Ty Owen of the Oklahoma Highway Patrol observed a white SUV fail to signal as it changed lanes to enter a tollbooth. Trooper Owen accordingly stopped the SUV. When the trooper activated his lights, he turned on the video recorder in his vehicle, which faced the rear of the SUV. As Owen approached the SUV, he motioned for the driver to get out of the car and meet him at the rear of the vehicle. The driver, Fristoe's co-defendant Bryan Ray, complied with Owen's request. Fristoe remained in the passenger seat in the SUV. Owen explained to Ray the nature of the traffic violation, told Ray he would receive a warning, and asked for Ray's driver's license. The trooper and Ray then sat inside the trooper's patrol car, where they conversed while Owen began writing out the warning.[1]

Owen testified that, during his conversation with Ray, he observed that Ray "was extremely nervous. He was wrenching his hands, rubbing his hands on his legs, and he was sweating." Tr. at 10, R. Vol. III. Ray also refused to make eye contact with Owen. Ray told Owen that he had driven to Texas to sell a dog to "some dude." Id. at 35. Trooper Owen testified that, in his opinion, Ray was

_____

[1]The conversation in the patrol car was recorded.

trying to control the conversation in order to prevent Owen from asking Ray more questions. Owen further testified that Ray's nervousness increased, rather than decreased, even though Ray knew he was only receiving a warning. The trooper testified that, based on his experience, this suggested that there was "something going on besides just him traveling from his origination to his destination." Id. at 12.

Ray told the trooper that the SUV had been rented by his common-law wife, who retained the rental agreement for their tax records. Trooper Owen then approached the SUV, intending to obtain the rental agreement. Owen said the passenger (Fristoe) "rolled the window down about three inches." Id. at 15. Upon Owen's request, Fristoe rolled the window all the way down. When Owen asked him if he had any idea where the rental agreement was, Fristoe looked in the glove compartment. Trooper Owen testified that Fristoe's "hands were shaking uncontrollably." Id. at 16. Owen then "asked . . . Fristoe if he would look in the center console for the rental agreement." Id. at 17. When Fristoe opened the center console, Owen testified he saw "[a] black taped-up kilo-size bundle," id. at 18, which Fristoe told Owen was a book. When Owen stuck a knife into the bundle, he discovered a white powder which he believed was cocaine. Owen arrested both Ray and Fristoe.

Owen searched the SUV, discovering another bag of cocaine and some black tar heroin. Thereafter, Fristoe and Ray were charged with possession of

more than 500 grams of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(A)(1). Fristoe and Ray both filed motions to suppress, challenging the search of the car as well as their detention. The district court denied both mens' motions. Fristoe appeals.[2]

## DISCUSSION

When reviewing the denial of a motion to suppress evidence, "we review the court's factual findings for clear error and view the evidence in the light most favorable to the government. We review de novo the reasonableness of a search or seizure under the Fourth Amendment." United States v. Worthon, 520 F.3d 1173, 1178 (10th Cir. 2008) (further quotation omitted), petition for cert. filed, June 30, 2008 (No. 08-6063). "The credibility of witnesses, the weight accorded to evidence, and the reasonable inferences drawn therefrom fall within the province of the district court." Id.

Fristoe argues that "Trooper Owen's investigation of the missing rental agreement exceeded the scope of the traffic stop," that Fristoe's encounter with Owen was not voluntary, and that the evidence found as a result of these Fourth Amendment violations should be suppressed. Appellant's Br. at 6.

The district court concluded that no Fourth Amendment violation occurred during the initial traffic stop, nor did any violation occur throughout its duration.

---

[2]Ray was acquitted by the jury.

-4-

It further concluded that the evidence seized need not be suppressed. For substantially the same reasons stated by the district court in its thorough opinion and order dated July 5, 2007, we affirm the denial of Fristoe's motion to suppress.

## CONCLUSION

For the foregoing reasons, we AFFIRM the denial of Fristoe's motion to suppress.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge