**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HERMAN LEROY FRISTOE,

    Defendant-Appellant.

No. 10-5042

(D.C. No. 4:09-CV-00592-CVE-PJC
& No. 4:07-CR-00075-CVE-2)
(N. D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

Herman Leroy Fristoe, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Fristoe has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

I

On April 15, 2007, Fristoe and his son-in-law, Bryan Robert Ray, were arrested by an Oklahoma Highway Patrol officer when, during the course of a

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

routine traffic stop, the officer observed a taped bundle of cocaine in plain view in the center console of their rental vehicle. Shortly thereafter, a federal grand jury returned an indictment charging both Fristoe and Ray with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). Fristoe and Ray, through their respective appointed counsel, moved unsuccessfully to suppress the evidence seized during the course of the traffic stop. Ray also moved unsuccessfully to sever the proceedings; Fristoe did not join this motion. Fristoe and Ray were jointly tried in September 2007. Fristoe was found guilty, while Ray, who testified in his own defense at trial and implicated Fristoe as being solely responsible for the cocaine, was acquitted. Fristoe was sentenced to the statutory minimum term of imprisonment of 120 months.

Fristoe filed a direct appeal challenging the district court's denial of his suppression motion. On September 12, 2008, this court affirmed the judgment of the district court. United States v. Fristoe, 315 F. App'x 40 (10th Cir. 2008).

On September 11, 2009, Fristoe filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and an accompanying memorandum of law in support of his motion. Fristoe alleged that his trial counsel was ineffective in three general respects: (1) his handling of the hearing

2

on Fristoe's motion to suppress[1]; (2) his failure to object to the "prejudicial joinder" of proceedings against Fristoe and codefendant Ray, ROA, Vol. 1 at 38; and (3) his performance at trial, including his purported failure to establish a defense, his failure to call certain witnesses identified by Fristoe, and his failure to object to the admission of certain evidence (i.e., photographs of the vehicle, a tape-recording of the traffic stop and arrest, and the transcript of the tape-recording). Fristoe also asserted in his § 2255 motion "that there exist[ed] other claims of ineffective assistance of counsel that w[ould] establish violation of [his] Constitutional rights of the Sixth Amendment, once [he] [wa]s able to review his trial transcripts, and file an 'Addendum' . . . ." Id. at 43.

The government filed a lengthy brief in opposition to Fristoe's § 2255 motion, addressing in detail each of Fristoe's allegations of ineffective assistance of trial counsel. Attached to the government's brief was an affidavit from Fristoe's trial counsel that also responded to Fristoe's allegations. Fristoe filed a response to the government's opposition brief, arguing that his claims merited an evidentiary hearing. Fristoe also asked the court to provide him with copies of the trial transcripts and to appoint counsel to represent him.

On January 27, 2010, the district court issued a thirteen-page opinion and

---

[1] Fristoe specifically complained that his trial counsel (a) failed to make an opening statement at the hearing, (b) "failed to raise factual arguments relating to the suppression motion," and (c) failed to respond at the suppression hearing to the request of codefendant Ray's counsel to admit at trial evidence of Fristoe's prior crimes pursuant to Fed. R. Evid. 404(b). ROA, Vol. 1 at 38.

order denying Fristoe's § 2255 motion. In that opinion and order, the district court addressed and ultimately rejected each of the claims of ineffective assistance of counsel asserted by Fristoe. Turning first to Fristoe's claim that trial counsel performed deficiently at the suppression hearing, the district court held otherwise, concluding that trial counsel "asserted every relevant argument that could be raised in support of [Fristoe]'s motion, and that trial counsel's "performance . . . did not fall below an objective standard of reasonableness." ROA, Vol. 1 at 88. The district court next addressed Fristoe's claim that trial counsel failed to file a "motion to sever based on the prejudicial joinder of defendants in a single indictment." Id. The district court concluded this claim was "meritless" both because Fristoe's trial counsel made a strategic decision not to file such a motion, and because Fristoe had failed to establish "that a motion to sever would have been any more successful than the motion actually filed by his co-defendant." Id. As for Fristoe's claim that trial counsel was ineffective for failing to object "to his co-defendant's intention to use Rule 404(b) evidence against him at trial," the district court noted that codefendant "Ray did not actually use Rule 404(b) evidence against Fristoe at trial," and it thus concluded that trial counsel's "failure to object to the hypothetical use of Rule 404(b) evidence at a pretrial hearing d[id] not constitute ineffective assistance of counsel." Id. at 89. Lastly, the district court rejected Fristoe's claim that trial counsel performed deficiently at trial. In particular, the district court rejected

4

Fristoe's allegation that trial counsel failed to investigate and present certain witnesses, noting this claim was "refuted by [trial] counsel's affidavit," and further noting that Fristoe failed to identify "any specific factual allegations as to the relevance of the testimony of the potential witnesses . . . ."[2]  Id. at 90.

Judgment was entered in the case on January 27, 2010.  Fristoe filed a motion for reconsideration that was rejected by the district court.  On March 22, 2010, Fristoe filed an application for COA with the district court.  The district court rejected that application in a written order issued on March 24, 2010.  Fristoe has now renewed his request for COA with this court.

## II

The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

---

[2] In his affidavit, Fristoe's trial counsel alleged, in pertinent part:

> At Mr. Fristoe's request, I did speak with or attempt to contact the witnesses he identified regarding possible testimony.  None of these witnesses were however present during the times relevant in Mr. Fristoe's case and were unable to offer any evidence relevant to Mr. Fristoe's defense.

ROA, Vol. 1 at 67.

5

a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

In his application for COA, Fristoe argues primarily that he was not afforded a full and fair opportunity to litigate his claims because the district court refused to grant his request for the trial transcripts and "all available legal documents filed before the district court." Appl. at 5. We are not persuaded, however, that reasonable jurists could debate whether the district court erred in rejecting Fristoe's request for these items. As the district court itself noted, "the mere chance that [Fristoe] may have found support for additional claims of ineffective assistance [of] counsel was not a sufficient basis for the Court to certify that [he] had [a] particularized need for transcripts . . . ." ROA, Vol. 1 at 143. Nor, after reviewing the record on appeal, are we persuaded that reasonable jurists could debate whether allowing Fristoe access to these documents would have altered the outcome of the district court proceedings on his § 2255 motion. Indeed, the district court's opinion and order outlined in exhaustive detail the course of the proceedings involving Fristoe, and Fristoe has failed to point to a single relevant fact that was omitted by the district court in its consideration of his claims.

The application for COA is DENIED and the matter is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Chief Judge